# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

KEVIN RUSSELL (# K3887)                                                                    PLAINTIFF

v.                                                                                    No. 4:07CV145-P-A

CHIEF MEDICAL OFFICER
KENTRELL LIDDELL, ET AL.                                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Kevin Russell, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff's elbow was injured in 1986 as the result of a gunshot wound prior to his incarceration. The gunshot left shrapnel in the plaintiff's elbow, causing him pain and discomfort. In addition, the plaintiff further injured his elbow in 2001 when he was attacked and slipped on the way to the shower while handcuffed. This injury from the attack in the shower further aggravated the plaintiff's elbow injury. The plaintiff's medical file regarding evaluation and treatment for his elbow injuries is extensive.

The plaintiff sets forth five claims:

1.     The defendants have denied him total elbow replacement surgery.

2.     The defendants have declined to order a profile preventing the plaintiff from being placed in full restraints.

3. The defendants have denied the plaintiff physical therapy and physical therapy equipment since June 2007.

4. The defendants have denied the plaintiff orthopedic shoes.

5. The defendants have denied the plaintiff daily blood pressure monitoring.

**Treatment of the Plaintiff's Elbow Injury**

The plaintiff's claims regarding the treatment of his elbow injury must fail, as the defendants have repeatedly examined the plaintiff's elbow and referred the plaintiff to specialists. First, the defendants referred the plaintiff to an orthopedist, Dr. William M. Barr, in Clarksdale, Mississippi, who examined the plaintiff March 6, 2007. Dr. Barr recommended that the plaintiff discontinue use of the sling he had been using so that his elbow could stretch out. He also recommended physical therapy three times per week for eight weeks. The plaintiff has had such physical therapy in the past. Third, Dr. Barr recommended diagnostic tests regarding numbness in the plaintiff's arm; that testing was completed on April 16, 2007. Finally, Dr. Barr informed the defendants that any further diagnosis and treatment would have to be performed at the University Medical Center because the plaintiff's elbow problems are simply too complex for treatment at a local community hospital. The defendants have thus referred the plaintiff to the University Medical Center in Jackson, Mississippi, for a consult regarding treatment of his elbow. Indeed, according to the Mississippi Department of Corrections, the University Medical Center currently holds the plaintiff's medical records, and the defendants are waiting to see if the University Medical Center will accept the plaintiff's consult. Obviously, the defendants are treating the plaintiff's elbow problems. Although the plaintiff does not agree with the treatment, such disagreement does not rise to the level of an Eighth Amendment claim. *Gibbs v.*

*Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). As such, the plaintiff's claims regarding treatment of his elbow injury shall be dismissed for failure to state a claim upon which relief could be granted.

### Profile Prohibiting Placement of Plaintiff in Full Restraints, Physical Therapy, and Orthopedic Shoes

In his response to the plaintiff's grievance, Dr. Lehman addressed the plaintiff's remaining concerns. Dr. Lehman said, "There is no medically valid reason" for a shackle profile. He also said, "You have been referred to Physical Therapy," and "You currently have no medical reason for orthopedic shoes." Dr. Lehman is the plaintiff's treating physician at the Mississippi State Penitentiary and has made these determinations based upon his examination of the plaintiff. Again, the plaintiff disagrees with Dr. Lehman's decision regarding treatment, but his disagreement does not state a claim under the Eighth Amendment. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001).

### Hypertension Medication

The plaintiff alleges that Mississippi Department of Corrections doctors have prescribed him medication for hypertension, but the medication is not delivered to him regularly. He claims that he "may get 2 pill[s] in the morning[,] then get 10 pills." *See, e.g.*, Complaint, p. 4. As a result of this irregular administration of his hypertension medication, the plaintiff complains that he has suffered extremely high blood pressure, leading to "sever[e] chest pains, shortness of breath, and now as of last week, nosebleeds[, ] coughing up blood[, and] vomit[ing]." These allegations fail to state a claim upon which relief could be granted because they set forth a claim only of negligence by the personnel who deliver the medication to the plaintiff. Negligent

conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, the plaintiff's claim regarding the sporadic administration of his hypertension medication shall be dismissed.

In sum, all of the plaintiff's claims shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of October, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE